MEMO ENDORSED

Page-1

Mr. Stiven Siri-Reynoso ("Petitioner")
Registered Number #79315-054 Unit A-3
United States Penitentiary Big Sandy
P.O. Box #2068
Inez, kentucky 41224

9/26/2022
There is no basis for recusal. The application is denied.
CM

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
NEW YORK CITY DIVISION

STIVEN SIRI-REYNOSO,         *
          Movant,            *
                             *
     V.                      *     No. 21-CV-11009(CM)
                             *     No. 17-CR-418(CM)
UNITED STATES OF AMERICA,    *     TO THE HONORABLE COLLEEN MCMAHON
          Respondent.        *     FORMER CHIEF JUDGE:
                             *

MOVANT'S MOTION FOR RECUSAL OR DISQUALIFICATION
OF JUDICIAL OFFICER FROM HEARING POST-CONVICTION PROCEEDING UNDER §2255
BY A PERSON IN FEDERAL CUSTODY

Now comes the above Petitioner Mr. Siri-Reynoso, in pro-se, to move this Honorable Court to disqualify itself from presiding over this instant matter under Rule 12 Governing Section $2255 Cases pursuant to 28 U.S.C. §§144-455(a) of the Federal Rules of Civil procedure., Arising over the Court's institutional bias, or prejudice against pro-se litigants convicted of crimes before the Tribunal and sentence to a term of imprisonment, that favors "all" State and federal Law Enforcement Officials, regardless of AUSA's witnesses perjurous conduct or the prosecutors abuses of the Grand Jury Processes, and show's the following.

## STATEMENT OF THE CASE

A. <u>Course of proceedings</u>:

The petitioner initiated this 28 U.S.C. §2255 motion, raising approximately ("13") claims, that include, but does not exclude unlawful arrest; ineffective assistance of Mr. Jasper's representation; Brady Violations, Prosecutorial as well as Judicial Misconduct of the Court, arising from governmental witnesses false and perjurous testimonies, destruction of video tape evidence, and abuse of the Grand Jury processes, among other things at bar.

On January 4, 2022., the court directed the Respondent to file a response to Mr. Siri-Reynoso's petition, and on June 27, 2022., the Government filed a return in this matter, that essentially denied whether they knew about witness false testimonies, but avoided some of these claims altogether before the bar.

On July 20, 2022., the petitioner submitted an series of motions before the court, that included defendant's traverse to the respondent's answer, application for appointment of counsel, and a request for a updated docket sheet.

On or about July \_\_\_\_, 2022., petitioner had move the court for an "Extension of Time" and "made a discovery request for production of documents, however, the defendant has

intentions of amending those request.

In the instant motion Mr. Siri-Reynoso moves the court to recuse itself from deciding his post-conviction motion due to the judge's institutional bias and prejudice against pro-se litgants in general, as well as on the basis, that the court favors Law Enforcement's arbitrary and capricious actions, and abuse of the Constitution and Laws of the United States, Movant cannot obtain a fair determination, after the comments it has issued in reference to petitioner's allege conduct during both trial and sentencing, that makes fairness unavailable.

## II.
### SUMMARY OF THE ARGUMENT

The former trial court should have sua sponte moved to reassign this case to another judicial officer, based upon the fact the tribunal permitted the use of perjured testimony from several Law Enforcement Officials and those indicted Co-defendants who was oviously willing to sacrifice another person to offset their liability, then the court became angry toward's Mr. Siri-Reynoso for refusing to capitulate to the Government's guilty plea offers and aid the United States in the Capture of the ("DDP") Leader, in which, the court permitted the ("AUSA") in charge of the case to abuse the grand Jury Processes as an means to pre-trial oppress the defendant inti cooperation Movant had repeatively rejected, where the court solicit former defense

aid in undermining the relator's defense at trial, by ignoring evidence in the respondent's possession, as well as omitting cross examination facts by getting into a swearing contest no lawyer can win therein.

In addition to the above, the court must find it very amusing to ignore petitioner's pro-se filings, that favor his defense, and thats what brings this instant application, that mandates the court's recusal at bar.

### III.
### ARGUMENT AND AUTHORITIES

B. Standard of Review:

Subsection (a) of 28 U.S.C. §455 of the Federal Rules of Civil Procedure provides that:

> "Any justice, judge, or Magistrate of the United States [shall]..... disqualify himself in any proceeding in which his partiality might be reasonably questioned."

Liteky V. United States, 510 U.S. 540, 558, 114 S.Ct. 1147, 127 L.Ed.2d. 474 (1994)("Kennedy, J., concurring")("noting that under 28 U.S.C. §455(a), a judge should disqualify only if it appear's that he or she harbors an aversion, hostility, or disposition of a kind that a fair-minded person could not set-aside when judging the suit"); Liteky, Supra, 510 U.S. at 558; United States V. Bayless, 201 F.3d. 116, 126-27 (2d. Cir.), cert denied, 526 U.S. 1061,

120 S.Ct. 1571, 146 L.Ed.2d. 474 (2000). These codes of conduct serve to maintain the judiciary intergrity and the rule of law under the United States Constitution due process clause of the Fifth Amendment, that entitles a person to an impartial arbiter in both the Criminal and Civil context. Marshall V. Jerrico, Inc., 238 U.S. 242, 100 S.Ct. 1610, 1613, 64 L.Ed.2d. 182 (1980). However, recusal motions are committed to the sound discretion of the lower court. Wright V. Commissioner, IRS., 571 F.3d. 215, 220 (2d. Cir. 2009); that equally applies to cases brought under the post-conviction Act pursuant to 28 U.S.C. §2255 filed by pro-se litigants.—1 /

In addition to the above, section §455(a) motions must be reviewed in para-materia with 28 U.S.C. §144 affidavit in support of motions to recuse. United States V. Pugiese, 805 F.2d. 1117, 1175 (2d. Cir. 1986). Section §144 requires a district court to specifically recuse itself when a party demonstrates that the judge has a personal bias or prejudice against a party in favor of another. Apple V. Jewish Hospital &. Medical Center, 829 F.2d. 326, 333 (2d. cir. 1987); If the affidavit sets forth an legally sufficient

---

1 / The court should take judicial notice of the fact and following case decisions under §2255. United States v. Wolfson, 558 F.2d. 59, 61-62 nn. 6, 7-8 (2d. Cir. 1977); Tripati V. Henman, 843 F.2d. 1060, 1063 (9Th Cir.), cert. denied, 488 U.S. 982, 109 S.Ct. 533, 102 L.Ed.2d. 565 (1988)("noting that under Rule 4 of the Rules Governing section §2255 cases that judges may disqualify themselves sua sponte, or otherwise"); Webster V. United States, 330 F.Supp. 1080 (E.D. Va. 1971)(same).

basis for recusal, another judge must be assigned to resolve the motion. Id:

A. The Court's Bias and Prejudice Violated Mr. Siri-Reynoso's Right To Due Process and Equal Protection:

The court's conduct toward the defendant in this case, cast doubt on the Judge's impartiality under 28 U.S.C. §144-§455(b)(1). United States V. Microsolf Corp, 253 F.3d. 34, 114 ( D.C. Cir. 2001). Because the goal of §455(a) is to exact judicial appearance of impartiality, recusal may be required even when there is no actual partiality. In re Kenington Int'L, 368 F.3d. 289, 301 (3d. Cir. 2004). In determining whether the district judge must recuse herself under §455(a), the question is whether a reasonable person percieves a significant risk that the judge will resolve on a case by case basis, other than the merits. Liljeberg V. Healh Service Acquisition Corp., 486 U.S. 847, 865, 108 S.Ct. 2194, 2205, 100 L.Ed.2d. 855 (1988).

In addition to the above, there is no requirement that the Judge have knowledge of the disqualifying circumstances. Liljeberg, Supra, 486 U.S. at 860; But each §455 case is extremely fact intensive inquiry, that must be adjudged on its unique facts and circumstances, rather, than by comparison to similar situations considered in prior juriprudence. United States V. Bremers, 195 F.3d. 221, 226 (5Th Cir. 1999).

Here, there is an reasonable factual basis to call into question of Judge McMohan's impartiality over the fact she outright show complete favoritism towards the Government and its witnesses, while accepting outragous misconduct by prosecutors to achieve a victory at all cost. Berger V. United States, 295 U.S. 78, 88, 55 S.Ct. 629, 79 L.Ed.2d. 1314 (1935); Smalls V. Collins, 10 F.4th. 117, 131-32 (2d. Cir. 2021). Because she has deliberately permitted the fabrication of evidence in her court, and had it not been allowed, the Movant would have prevailed in this matter.

In addition to the above, the court further had allowed the government to bastardize video tape evidence, while redacting most of those film, of which was destroyed, behind the court permitting those redactions favoring the ("AUSA")'s bold assertions before both the Grand Jury and Petit Jury panels in this case who put it trust in a corrupted prosecutor. Pyle V. Kansas, 317 U.S. 213, 216, 63 S.Ct. 177, 87 L.Ed. 214 (1942); Brady V. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 1.Ed.2d. 215 (1963). The court was outright protecting the integrity of his case, despite witnesses admitting to lying for favorable court sentencing reductions. __2_/

---

__2_/ The court should take judicial notice of the fact, that petitioner has attached his 28 U.S.C. §144 Statement of Bias and Prejudice, in which was also notorized as required by the provision.

## CONCLUSION

Wherefore, based upon the foregoing, the Movant prays that the court will Honorably disqualify itself, because the defendant has no hopes in recieving a fair determination at bar, especially, if the petitioner may have to subpeona it staff over its deliberate undermining Mr. Siri-Reynoso's civil rights prior to or during trial proceedings.

Respectfully Submitted

Dated:

Mr. Siri-Reynos, Pro-se Movant

## CERTIFICATE OF SERVICE

This is to certify and verify under 28 U.S.C. § §1746 pursuant to Houston V. Lack, 487 U.S. 266, 270 (1988). that the motion for disqualification and recusal was served upon the party listed below herein:

> United States Attorney Office
> Mr. Drew Turner Johnson Skinner (AUSA)
> Southern District of New York
> One Saint Andrew's Plaza
> New York, NY. 10007

That was deposited in the Big Sandy Penitentiary Legal Mailbox on this __14__ day of September 2022.

Mr. Siri-Reynoso, Movant-Affiant

Mr. Stiven Siri-Reynoso ("Petitioner")
Registered No. #79315-054 A-3 Unit
United States Penitentiary Big Sandy
P.O. Box #2068
Inez, kentucky 41224

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
NEW YORK CITY DIVISION

| | | |
|---|---|---|
| STIVEN SIRI-REYNOSO, | * | |
| Movant, | * | No. 21-CV-11009(CM) |
| v. | * | No. 17-CR-418(CM) |
| | * | 28 U.S.C. §2255 PROCEEDING: |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

TO: The Honorable Judge McMohan:

## MR. SIRI-REYNOSO AFFIDAVIT OF BIAS AND PREJUDICE

I, Stiven Siri-Reynoso, being duly sworn, deposes and states:

1. I am over the age of ("21") years old and of sound mind, and fully competent to make this affidavit, because I have personal knowledge of the facts stated in this declaration.

2. I am a party to this case, as a defendant or petitioner in this matter, and make same in support om my right to disqualify the Honorable Judicial Officer Ms. McMohan from this case on the basis of her personal bias and prejudice against the Movant.

3.  This action was brought against me over the false allegation that I had directed my underage cousin to kill a gang rivil between the ("DDP") and Trinitarios, however, the evidence does not permit the inference that petitioner was even a ("DDP") member at the time of the crime alleged, other than a former gang member who was holding a job, paying his own bills, and could not prevail upon his family to aid such an endeavour over the fact ["Tejadas"] was a "Mac-Ballers Blood" strictly not allowed to aid a rivil gang unit, even if they are family against another organization members for blood sport, which Judge McMohan heard with her own ears that Mr. Tejadas would do anything to keep from facing prison incarceration, and he had a personal, not a rivil gang vendetta against the Trinitatiors Leader.

4.  During the interim, Judge McMohan permitted A New York City Police Detective to act in a federal capacity with out authorization from the United States Deputy Attorney General's Office, or the Director of the ("FBI"), let alone the Local Field Office ("SAC").

5.  At Affiant's initial arraignment, the (AUSA) Mr. Skinner was permitted to bring petitioner into Judge McMohan's court without a charging instrument and faked indictment, whereas she alowed this Movant to be held in Jail for ("27") days without a charge, and pursuaded defense counsel Mr. Jasper to waive this defendant's preliminary hearing rights without petitioner's legal consent. ("See DKT. #12"):

6. On March 28, 2018., Judge McMohan denied a pro-se motion affiant filed before her on the basis that he had another inmate prepare that document. Accord: United States V. Plattner, 330 F.2d. 271, 273-74 (2d. cir. 1964).

7. Prior to the above, on July 24, 2017., the ("AUSA") was permitted to use the court's venue to attempt too intimidate the petitioner, whereas Judge McMohan acted on the United States behaft by claiming this was a death penalty case, despite the fact the court knew that corporal punishment cannot be imposed on a simple manslaughter charge.

8. On July 25, 2017., Judge McMohan authorized the Assistant United States Attorney Mr. Skinner to pursue the indictment under the fiction of a "superseding" version, as an means to coverup the fact the first instrument did not exist at all. ("See Tr. Page 579, 619-27 and 1503").

9. Also prior to the above, Mr. Wandy Tejada, an underage teenager was court arraigned before Judge McMohan, with out following 18 U.S.C. §5031 et.seq. United States V. Wong, 40 F.ed. 1342, 1365-66 (2d. Cir. 1994). Moreover, Judge McMohan was complicit in allowing ("AUSA") Mr. Skinner to wait until "Tejada" to turn ("18") years old, after that defendant was threaten with the death case penalty to inlicit his cooperation to lie against petitioner, which Judge McMohan allowed to circumvent the law, by subjecting a vunerable teenager to Government coercive tactics.

10. On June 12, 2018., Judge McMohan ignored the fact that she created a conflict of interest between Mr. Foy and his client, because during a status hearing defense counsel made it clear it would be impossible to save an man's life, by acting upon a litigation conflict between a case in Queen County and her court, yet she disregarded this scheduling problem defense counsel was mentioning, nor did she consider the conflict created by her orders.

11. On January 10, 2018., ("AUSA") Skinner wrote the court requesting an extension of time on the false premise he was attempting to seek authorization to add an death penalty count for Ms. White's death, however, Judge McMohan had no business permitting such a fraud in her court, knowing full well that the death penalty could not be authorized by the AG Officer over the simple fact this was a involuntary manslaughter case at best, which the Federal code does not approve, in whcih five months later after the ("AUSA") in charge was given time to coach his witnesses on June 28, 2018., brought an Sixth superceding indictment.

12. On June 27, 2018., Judge McMohan became enrage towards ("AUSA") Mr. Skinner for abusing the grand jury indictment processes, and knew at that point the prosecution was faking and manufacturing charges against petitioner, yet, had refuse to take any corrective action, and then denied defense counsel time to address this misfeasance.

13. During petitioner's trial Judge McMahon heard false testimony and allowed the Government to sponsure misleading testimony about the affiant's activities By:

   A. Allowing ("AUSA") Mr. Skinner to fast forward video footage from the Street Surveillance tapes, amounting to photo-shopping film to appear to support witnesses testimony, and denied Jurors the right to view all the tapes.

   B. Judge McMahon further permitted the same ("AUSA") Mr. Skinner to alter the theory of a gang war, to an revenge theory, not alleged in the indictment transcripts.

   C. Judge McMahon also permitted ("AUSA") Mr. Skinner to remove any drug amount he pimped to the Grand Jury, because he had no drug investigation, and no drug seizures to support that claim, which he again lied to the Grand Jury to obtain a RICO indictment, he otherwise would not have obtained without those lies.

   D. Judge McMahon heard Government Witness Ms. Ana Tiburcio testify, that she had been shown a numerous amount of photograms and video tapes by the prosecutors in this case during multiple meetings on several ocassions at their office and did not want to testify in court, but was told by prosecutors she in fact would be in trouble if she did not, basically a coerced witness.

   E. Judge McMahon heard Government Witness Mr. Fausto Torres admit he would do anything to be on the prosecution's goodside. (See T.TR. 1503)

F. Judge McMahon heard Government witness Mr. William Valentin Testify, that he gave (NYPD) detectives access to the video tapes, and stated that the system usually records everything, even motion sensing, and was unaware of video skipping locations.

G. Judge McMahon recognized that someone on the prosecution team was leading the witnesses and soon afterwords off a lunch break, the (AUSA) Mr. Skinner claimed that Witness Mr. Torres lied to the court because he was intimidated by Nunez and later denied that fact. (See: Tr.T. 619-20, 622-27).

H. Also during trial Judge McMahon allowed a plea agreement from the State to enter as evidence against the affiant, despite the fact she told the ("AUSA") Mr. Skinner he was barred from offering it to the jury. ("T.Tr. 1489-1491").

I. During trial on August 15, 2018., Mr. Seplowitz for the defense filed an objection with Judge McMahon about the Government seeking removal of the drug weight it alleged in the indictment as a result it alter's the burden of proof necessary to support the ("RICO") Count and narcotics count as well, and Judge McMahon siad it was a relief to to remove that burden of proof off the Government. ("See T.Tr. at 1253").

J. Also during trial, when defense counsel Mr. Seplowitz raised the fact that the prosecution has had ("18") months tp prepare for trial, but the court is refusing to grant the defense additional

time to prepare for the new indictment ("30") days after the new grand jury return in this matter, the judge became unreasonable and irated towards defense counsel's audacity to challenge her decisions about Mr. Seplowitz's duty to defend--his client.

K. On August 13, 2018., defense counsel Mr. Jason Foy alleged that this affiant made threatening harm upon that attorney, and instead of holding an disqualification hearing. <u>Dunton V. County of Suffolk</u>, 729 F.2d. 903, 908 n.4 (2d. Cir.1984); Petitioner was force to proceed with an lawyer, who's loyalty was to the government, not his client, and Judge McMahon... was fine with that.

L. On Novenber 19, 2018., petitioner asked Judge McMahon to remove Defense Counsel Mr. Brandon over his refusal to communicate with his client or his father Mr. Siri-Reynoso Senior to discuss this deformation of charactor of the defendant's father by the ("AUSA") Mr. Skinner who falsely accused the Movant's father of being his drug supplier, whereas no evidence existed to support that claim, when in fact Judge McMohan was well aware of the falsifier activities, and then ignored same.

M. While in the trial Judge McMohan addressed the Government's routine abuse of leading questions its witnesses, which the court discribed an mental genetically programed escapades. (See: T.Tr. at 619"):

O. During sentencing Judge McMahon impunged upon petitioner's charactor as well as his father who was dying at the time, by calling affiant a "smart", criminal and a coward, over his refusal to accept any

Government obfuscations of the truth, or the slander of his father by ("AUSA") Mr. Skinner who never faced disciplinary action for the abuses of court processes:

P. Judge McMahon permitted the Government to have court staff to redact docket sheet information as well as Government Witnesses testimonies form Mr. Siri-Reynoso's trial and pre-trial proceedings as a means to protect this false prosecution.

### CERTIFICATE OF PRO-SE COUNSEL

As required by the provisions of Sections §144 of Title 28 U.S.C., of the United States Codes, I, as counsel of the record certify that this affidavit of prejudise and bias was made and submitted in good faith, and not for the reasons of delay, but honest belief he cannot obtain a fair determination by a thoroughly corrupted judicial officer.

Dated: 9/14/2022

Respectfully Submitted

_____
Mr. Stiven Siri-Reynoso, Pro-se

STATE OF KENTUCKY  )
SS:                )
COUNTY OF MARTIN   )

SUBSCRIBED AND SWORN BEFORE ME

Dated: 9/14/22

_____
Notary Public in and For Kentucky

3/22/25
My Commission Expires