USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7-7-26

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

x

UNITED STATES OF AMERICA

v.

STIVEN SIRI-REYNOSO,

Defendant.

x

S6 17 CR 418 (CM)

DECISION AND ORDER ON DEFENDANT'S MOTION FILED PURSUANT TO 18 U.S.C. § 1623

McMahon, J.:

Stiven Siri-Reynoso has filed papers under the caption: "Motion under 18 U.S.C. § 1623." (Dkt. 188). He argues in his motion that, *inter alia*, the Government's trial prosecutors knowingly elicited false testimony, failed to produce exculpatory video evidence, and mischaracterized the video evidence admitted at trial during summations. *Id.* 2-8.

Generally, 18 U.S.C. § 1623 is a federal statute that criminalizes knowingly making false declarations under oath in any proceeding before, or ancillary to, any U.S. court or grand jury. Section 1623 is not a mechanism for—what Siri-Reynoso is attempting to do in his present motion—attacking a criminal conviction. What Siri-Reynoso is seeking is appropriately construed as a motion to vacate, set aside, or correct a federal sentence pursuant to 28 U.S.C. § 2255. *See Jiminian v. Nash*, 245 F.3d 144, 146–47 (2d Cir. 2001) (Section 2255 "is generally the proper vehicle for a federal prisoner's challenge to his conviction and sentence"). However, Siri

Reynoso previously filed a motion for relief under Section 2255 challenging his judgment of conviction, which was denied on the merits. (*See* Dkt. 173). That renders the instant Motion a successive habeas petition. *Corrao v. United States*, 152 F.3d 188, 191 (2d Cir. 1998). An applicant seeking to file a successive habeas petition must first "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); *see id.* § 2255(h). "[D]istrict courts lack jurisdiction to rule on the merits of successive claims and should transfer successive claims to" the Second Circuit. *Forbes v. United States*, 121 F.4th 1013, 1015–16 (2d Cir. 2024).

Accordingly, the Court hereby orders the Clerk of the Court to transfer Siri-Reynoso's motion to the Second Circuit, pursuant to 28 U.S.C. § 1631, for a determination of whether it may proceed in this Court. The Clerk is further directed to terminate the motions at Dkt. 188 and 184.[1]

Dated: July 7, 2026

Colleen McMahon
U.S.D.J.

[1] Siri-Reynoso's ancillary motion for appointment of counsel to assist him with the instant motion (Dkt. 184) is denied. Should the Court of Appeals grant Siri Reynoso permission to proceed in this court with his successive motion, the Court will entertain a renewed request for the appointment of counsel.